## LEWIS *v.* CAMPAU.

A final judgment or decree by the highest court of law or equity of a State that revenue stamps attached to a deed offered in evidence and objected to as not having stamps proportioned to the value of the land conveyed are sufficient—is not a subject for review by this court under the 25th section of the Judiciary Act of 1789.

CAMPAU sued Lewis in the Supreme Court of Michigan, "the highest court of law and equity" in that State; and on the hearing there, objection was made to the admissibility of a deed which was offered in evidence, on the ground that the United States revenue stamps attached to it were not sufficient in amount; that is to say, were not proportioned in amount to the value of the land conveyed; as the act of Congress relating to our internal revenue requires that they should be; and that the deed was therefore void. The court being satisfied that the value of the land was not sufficient to require stamps of greater amount than were actually attached admitted the deed; and final judgment having gone in favor of Lewis, the other party, Campau, brought the case here on error as being within the 25th section of the Judiciary Act of 1789; a section which enacts that a final judgment or decree in any suit in the highest court of law or equity in a State wherein is drawn in question the *validity* of a statute of the United States and the decision is against its validity; or where is drawn in question the *construction* of any clause of a statute of the United States and the decision is against the title, right, or privilege specially set up or claimed by either party—may be re-examined here

*Mr. Walker* now moved to dismiss the cause, on the ground of want of jurisdiction, *Mr. Bishop opposing.*

The CHIEF JUSTICE: Neither the validity of the statute, nor its construction was in any way drawn in question. The only question the court had to pass upon, and this only

incidentally as affecting the admissibility of evidence, was the value of the land.

This is not a question which can be brought into this court under the 25th section of the Judiciary Act.

WRIT OF ERROR DISMISSED.